# EXHIBIT A

STATE OF MINNESOTA
COUNTY OF RAMSEY
SECOND JUDICIAL DISTRICT

| | |
|---|---|
| Judith Franco ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| v. ) | |
| ) | |
| ) | |
| Master Builders Solutions ) | |
| Construction Systems US, LLC ) | |
| ) | |
| Defendant. | |

### THIS SUMMONS IS DIRECTED TO:
Master Builders Solutions Construction Systems US, LLC
C/O Registered Agent:
CT Corporation Systems Inc.,
1010 Dale Street North
Saint Paul Minnesota 55117

**1.   YOU ARE BEING SUED.**
The Plaintiffs have started a lawsuit against you.   The Plaintiffs Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

**2. YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.**
You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

A.L. Brown, Attorney at Law
**CAPITOL CITY LAW GROUP, LLC**
287 East Sixth Street, Suite 20
Saint Paul, Minnesota 55101

**3. YOU MUST RESPOND TO EACH CLAIM.**

The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.**

If you do not answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

**5. LEGAL ASSISTANCE.**

You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.**

The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 22, 2021

Respectfully submitted,

A. L. Brown (# 331909)
Marcus Almon, *of Counsel*
**CAPITOL CITY LAW GROUP, LLC**
287 East Sixth Street, Suite 20
Saint Paul, MN 55101
Telephone: (651) 705-8580
Facsimile:   (651) 705-8581
E-Mail: A.L.Brown@CCLAWG.COM

STATE OF MINNESOTA
COUNTY OF RAMSEY
SECOND JUDICIAL DISTRICT

Judith Franco

Plaintiff

**COMPLAINT**
**JURY DEMANDED**

Master Builders Solutions
Construction Systems US LLC

Defendant

Plaintiff brings this Complaint against the Defendant to recover damages. She alleges the following to be true and correct.

## JURISDICTION AND VENUE

1.  This action arises under the Minnesota Human Rights Act (Minn. Stat. § 363A.01 *et seq.* the "MHRA"). Therefore, the Court has jurisdiction pursuant to Minn. Stat. § 484.01, sub. 1. The matter is properly venued in Ramsey County, Minnesota under Minn. Stat. § 542.09 in that the Defendant's resident agent is located in Saint Paul, Minnesota.

## PARTIES

2.  Plaintiff, Judith Franco, was at all times relevant to this action a resident of the State of Minnesota.

3.  The Defendant is a Delaware corporation with its principal place of business located at 23700 Chagrin Boulevard, Beachwood, Ohio, 44122, but with a place of business located at 889 Valley Park Drive, Shakopee, Minnesota 55379, and a resident agent at 1010 Dale Street North, Saint Paul, Minnesota 55117.

4.  The Defendant's principal business is the provision of an advanced chemical solutions for the construction, maintenance, repair and renovation of structures.

## GENERAL ALLEGATIONS

5.  The Plaintiff began working for BASF as a Sales Support Specialist in April of 2019.

6. During her time as an employee at BASF the Plaintiff received satisfactory (if not exemplary) performance reviews.

7. In April of 2020, Master Builders Solutions USA, was created by BASF to continue the operations of BASF's construction chemical division but as a separate entity from BASF as the first step of divestiture from BASF.

8. Plaintiff was retained as an employee of Master Builders Solutions USA after the transition.

9. During the entire course of her employment with Master Builders Solutions USA, Plaintiff received satisfactory (if not exemplary) performance reviews.

10. In fact, when eligible, Master Builders Solutions USA, paid the Plaintiff a performance bonus.

11. Master Builders Solutions Construction Systems US, LLC, was created by Master Builders Solutions USA, to continue the operations of BASF's construction chemical division but as a separate entity from BASF and Master Builders Solutions USA.

12. Again, Plaintiff was retained as an employee of Master Builders Solutions Construction Systems US, LLC, after the transition.

13. During the entire course of her employment with Master Builders Solutions Construction Systems US, LLC, Plaintiff received satisfactory (if not exemplary) performance reviews.

14. In fact, when eligible, the Defendant paid the Plaintiff a performance bonus.

15. Plaintiff starting salary with Master Builders Solutions Construction Systems US, LLC was $69,000 or more.

16. Plaintiff was bonus eligible (10%) at Master Builders Solutions Construction Systems US, LLC.

17. Plaintiff received full medical, dental, retirement savings plan, life insurance, long-term disability and vacation benefits as part of her compensation at Master Builders Solutions Construction Systems US, LLC.

18. Plaintiff success with the defendant was hard fought in that she did not receive adequate training or support to do her job.

19. Plaintiff raised a specific concern about her lack of training related to the export work with her supervisor and others.

20. Plaintiff expressed a belief that she was being treated differently in the area of training than other employees.

21. For instance, Plaintiff noted that her colleague received more thorough training (some formal, some informal), while she received very little.

22. Plaintiff advised the defendant that she felt as if she was being set up to fail.

23. Plaintiff escalated her concerns about the lack of training to Liza Farms, the defendant's Human Resource Manager, to deal with the recurring problem of not receiving training.

24. Plaintiff told Ms. Farms that she was afraid to complain because she thought it would make her work situation worse.

25. At that meeting, Plaintiff told Ms. Farms that she simply wanted the same training opportunities that the Defendant afforded other employees.

26. During that meeting, Plaintiff expressed concern that she was being singled out because she was a minority (Plaintiff is an American with origins in Panama).

27. This was not her first time expressing a concern that she was treated differently because of her minority status in that she had made the same observation to others.

28. Less than a year after her raising the issue of inadequate and inequitable training opportunities, Defendant fired the Plaintiff.

29. Plaintiff was not fired for poor performance.

30. Plaintiff was not fired for poor attendance.

31. Plaintiff was not fired for violating any company policy or procedure.

32. When terminated, Plaintiff was meeting the defendant's employment expectations.

33. Plaintiff was advised that she was terminated because the Company was restructuring, and her position was eliminated as a result.

34. Plaintiff was the only employee in her department whose job was eliminated because of the restructuring.

35. Less than a month, however, of after this restructuring, the Defendant posted the Plaintiff's position, with some minor modifications.

36. The Defendant, upon separation from employment, promised to pay out its employees' paid time off (PTO).

37. The Defendant did not pay the Plaintiff any PTO (or the like).

## COUNT I
## REPRISAL FOR ENGAGING IN PROTECTED ACTIVITY
## (VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT)

38. Plaintiff re-alleges and incorporates all of the above paragraphs as though fully stated herein.

39. Plaintiff engaged in a protected activity by raising her concerns about inadequate and inequitable training opportunities in that she rightly or wrongly, believed it was related to her national origin or race.

40. As a result of her raising those concerns, she was terminated from her employment.

## <u>COUNT II</u>
## <u>BREACH OF CONTRACT</u>

41.    Plaintiff re-alleges and incorporates all of the above paragraphs as though fully stated herein.

42.    The Defendant promised to pay the Plaintiff her PTO upon her separation from the employment.

43.    In exchange for that promise, the Plaintiff agreed to work for the Defendant.

44.    The Plaintiff worked for the Defendant and accrued PTO as a result.

45.    The Defendant involuntarily separated the Plaintiff from her employment with the Defendant.

46.    Upon separation, however, the Defendant did not keep its promise to pay the Plaintiff for her PTO.

47.    As a result of the Defendant's broken promise, the Plaintiff was harmed, and a breach of contract resulted.

## <u>COUNT III</u>
## <u>PROMISSORY ESTOPPEL</u>

48.    Plaintiff re-alleges and incorporates all of the above paragraphs as though fully stated herein.

49.    The Defendant made a clear and definite promise to pay the Plaintiff her PTO upon her separation from the employment.

50.    That promise, in part, induced Plaintiff to continue to work for the Defendant or to use her PTO sparingly.

51.    Upon separation, however, the Defendant did not keep its promise to pay the Plaintiff for her PTO.

52.    As a result of the Defendant's broken promise, the Plaintiff was harmed and an injustice occurred.

## <u>JURY DEMAND</u>

53.    Plaintiff demands a jury trial.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff requests relief as follows:

1.    Judgment against Defendant for an amount exceeding $50,000.
2.    Leave to amend the Complaint to address any deficiencies;

3.    All statutory relief to which Plaintiff and class members are entitled;
4.    Reasonable attorneys' fees and costs as provided for by law; and
5.    All other relief the Court deems appropriate.

**ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211**

Plaintiffs, through undersigned counsel, acknowledges that sanctions, attorneys' fees,

and witness fees may be imposed under Minn. Stat. § 549.211.

Dated: June 22, 2021                        Respectfully submitted,

                                            A. L. Brown (#331909)
                                            Marcus Almon, *of Counsel*
                                            **CAPITOL CITY LAW GROUP, LLC**
                                            287 East Sixth Street, Suite 20
                                            Saint Paul, MN 55101
                                            Telephone: (651) 705-8580
                                            Facsimile: (651) 705-8581
                                            E-Mail: A.L.Brown@CCLAWG.COM

                                            **ATTORNEYS FOR PLAINTIFF**

5

# EXHIBIT B

STATE OF MINNESOTA                                      DISTRICT COURT

COUNTY OF RAMSEY                                       SECOND DISTRICT

---

Judith Franco,                                    Court File No. _____

                    Plaintiff,          **ANSWER AND AFFIRMATIVE AND**
                                             **ADDITIONAL DEFENSES**
        v.

Master Builders Solutions Construction
Systems US, LLC,

                    Defendant.

---

        Defendant Master Builders Solutions Construction Systems US, LLC

("Defendant") as and for its Answer and Affirmative and Additional Defenses to the

Complaint of Plaintiff Judith Franco ("Plaintiff") served June 23, 2021 ("Complaint"),

states and alleges as follows:

### JURISDICTION AND VENUE

        1.      Denies Paragraph 1 of the Complaint,[1] in that Defendant intends to remove

this civil action to the United States District Court for the District of Minnesota.

### PARTIES

        2.      Defendant is without information sufficient to form a belief as to the truth of

the allegations in Paragraph 2, and therefore denies them.

        3.      Defendant admits solely that it is a Delaware Limited Liability Corporation

with its principal place of business at 889 Valley Park Drive, Shakopee, Minnesota 55117

---

[1] Unless otherwise stated, hereafter references to "Paragraphs" are references to Paragraphs in the Complaint.

and a registered agent at 1010 Dale Street North, Saint Paul, Minnesota, 55117. Defendant

denies the remaining allegations in Paragraph 3.

4.     Admits Paragraph 4.

## **GENERAL ALLEGATIONS**

5.     Admits Paragraph 5.

6.     Defendant is without information sufficient to form a belief as to the truth of

the allegations in Paragraph 6, and hence denies the same

7.     Defendant admits solely that the entity Master Builders Solutions US, LLC

(currently known as Master Builders Solutions Admixtures US, LLC) was formed in

Delaware on or about July 9, 2019 to operate the BASF construction systems business, and

that BASF divested the entity effective September 30, 2020. Defendant denies the

remaining allegations in Paragraph 7.

8.     Admits Paragraph 8, as to Master Builders Solutions US, LLC.

Affirmatively alleges that Plaintiff was, at all times, an employee at-will, including at the

time her employment was ended.

9.     Denies Paragraph 9.

10.     Admits Paragraph 10.

11.     Defendant admits solely that the entity Master Builders Solutions

Construction Systems US, LLC was formed to operate the construction systems business

of Master Builders Solutions US, LLC (currently known as Master Builders Solutions

Admixtures US, LLC), which business was transferred to Master Builders Solutions

Construction Systems US, LLC, a separate entity. Defendant denies the remaining allegations in Paragraph 11.

12.     Defendant admits solely that Plaintiff's employment was transferred to Master Builders Solutions Construction Systems US, LLC. Defendant denies the remaining allegations in Paragraph 12.

13.     Denies Paragraph 13.

14.     Denies Paragraph 14.

15.     Admits Paragraph 15.

16.     Denies Paragraph 16.

17.     Admits Paragraph 17.

18.     Denies Paragraph 18.

19.     Admits Paragraph 19.

20.     Defendant admits in Paragraph 20 solely that Plaintiff expressed a belief she was being treated differently in regards to training than others, but denies that the allegation is true.

21.     Admits in Paragraph 21 that Plaintiff alleged that she received less training than others, but denies that the allegation is true.

22.     Admits Paragraph 22.

23.     Defendant admits solely that Plaintiff complained to Human Resources Manager Liza Farm about her training. Defendant denies that Plaintiff did not receive training and denies the remaining allegations in Paragraph 23.

24.     Denies Paragraph 24.

25.     Defendant admits solely that Plaintiff expressed to Ms. Farm that she wanted the same quality of training on the export process as was afforded to others regarding their work and denies the remaining allegations in Paragraph 25.

26.     Admits Paragraph 26.

27.     Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and hence denies the same

28.     Defendant admits solely that Plaintiff's position was eliminated effective April 30, 2021.  Defendant denies the remaining allegations in Paragraph 28.

29.     Admits Paragraph 29. Defendant affirmatively states Plaintiff had poor performance.

30.     Admits Paragraph 30.

31.     Admits Paragraph 31. Defendant affirmatively states Plaintiff violated company policy or procedure.

32.     Denies Paragraph 32.

33.     Admits Paragraph 33.

34.     Admits Paragraph 34.

35.     Denies Paragraph 35.

36.     Admits Paragraph 36.

37.     Denies Paragraph 37.

## CAUSES OF ACTION

### COUNT I

## REPRISAL FOR ENGAGING IN PROTECTED ACTIVITY
## (VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT)

38.     Defendant restates its responses to the allegations contained in Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39.     Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and hence denies the same.

40.     Denies Paragraph 40.

### COUNT II

### BREACH OF CONTRACT

41.     Defendant restates its responses to the allegations contained in Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42.     Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and hence denies the same.

43.     Defendant is without information sufficient to form a belief as the truth of the allegations in Paragraph 43, and hence denies the same.

44.     Admits Paragraph 44.

45.     Admits Paragraph 45.

46.     Denies Paragraph 46.

47.     Denies Paragraph 47.

**COUNT III**

**PROMISSORY ESTOPPEL**

48.    Defendant restates its responses to the allegations contained in Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.    Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and hence denies the same.

50.    Defendant is without information sufficient to form a belief as the truth of the allegations in Paragraph 50, and hence denies the same.

51.    Denies Paragraph 51.

52.    Denies Paragraph 52.

**JURY DEMAND**

53.    Denies Plaintiff's Demand for Jury Trial.

**REQUEST FOR RELIEF**

54.    Denies Plaintiff's Request for Relief and all of its subparts 1-5.

**CATCHALL DENIAL**

55.    Unless otherwise and expressly admitted or otherwise qualified in this Answer, Defendant denies each and every allegation in the Complaint.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

56.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

57.    Insofar as Plaintiff seeks to recover relief (a) for alleged incidents occurring prior to the applicable limitations period for the filing of an administrative charge of

discrimination and (b) for alleged incidents of discrimination not listed in any charge, Plaintiff may not recover any relief for such incidents of alleged discrimination.

58.     Plaintiff's claims are barred, in whole or in part, by her failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action.

59.     To the extent Plaintiff has failed to exhaust her administrative remedies, her claims for relief are barred.

60.     There is no jurisdiction to hear Plaintiff's claim under the MHRA because Plaintiff has failed to engage in the prerequisites necessary to obtain jurisdiction.

61.     To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations under Minnesota Statute § 363A.28, her respective claims for relief are wholly or partially time-barred.

62.     The employment decisions about which Plaintiff complains were based on reasonable factors, non-discriminatory, non-retaliatory bases and not with discriminatory or retaliatory animus or with any intent to interfere with Plaintiff's legal rights.

63.     Defendant, at all times relevant to this action, has acted in good faith toward Plaintiff and acted in compliance with all applicable laws.

64.     Any action taken by Defendant was reasonably necessary for the normal operation of its business and was based on legitimate business reasons and not discriminatory or retaliatory animus.

65.     Plaintiff's claims for relief are barred because Defendant exercised reasonable care in promulgating an unlawful discrimination and anti-harassment policy and complaint procedure, took measures to correct or prevent any alleged unlawful

discrimination, harassment, and/or retaliation, and Plaintiff failed to reasonably take advantage of the corrective or preventative opportunities provided by Defendant or to otherwise avoid harm.

66.     Plaintiff is barred from recovering a remedy to the extent that Plaintiff engaged in misconduct, violation of company policies, or other conduct that would have resulted in her termination by, or would have precluded her from obtaining employment with Defendant had Defendant discovered such conduct.

67.     Plaintiff's claims fail because any alleged action or failure to act on the part of Defendant was not the proximate cause of any injuries to Plaintiff.

68.     Plaintiff's claims are barred in whole or in part because Plaintiff failed, or refused and/or neglected, to mitigate or avoid any damages or injuries she claims to have suffered.

69.     Plaintiff's Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, liquidated, punitive, or other damages against Defendant.

70.     Plaintiff's claims for compensatory and punitive damages are limited by the applicable limitations on such damages.

71.     Plaintiff's Complaint and each cause of action thereof fail to state valid claims for attorneys' fees.

72.     To the extent that Plaintiff has suffered any damages, such damage was caused by and is the responsibility of persons, parties, or entities other than Defendant.

73.     Defendant's personnel actions were not taken because of an intent to discriminate or retaliate based upon protected conduct or any other protected category.

74.     Plaintiff's claims fail because Defendant exercised reasonable care to prevent and promptly correct any discriminatory behavior alleged by Plaintiff, and/or Plaintiff failed to make a good faith report that Defendant engaged in a violation or suspected violation of any federal or state law, or rule adopted pursuant to law.

75.     Plaintiff's Breach of Contract and Promissory Estoppel Claims (Counts II and III, respectively) are barred by payment, and accord and satisfaction.

76.     To the extent any alleged intentional retaliatory or discriminatory conduct was committed by Defendant's agents (which Defendant denies), said conduct was outside the scope of the agent's authority and contrary to Defendant's good faith efforts to comply with applicable law.

77.     Defendant alleges, on information and belief, that any recovery by Plaintiff, or alternatively, portions of any recovery, are barred by the doctrine of after-acquired evidence.

78.     Plaintiff's claims of discrimination fail to establish the necessary element for a legal claim upon which relief may be granted and, accordingly, should be dismissed.

79.     Pending the conclusion of further discovery and investigation, Defendant respectfully reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, Defendant respectfully requests the Court grant the following relief:

1.      Judgment be entered dismissing Plaintiff's Complaint on the merits and with prejudice;

2.      Awarding Defendant its attorneys' fees, costs, and disbursements, as appropriate; and

3.      Directing such other relief as the Court deems just and equitable.

Dated: July 14, 2021

Respectfully submitted,

*/s/ Kurt J. Erickson*
Kurt J. Erickson, Bar No. 158380
kerickson@littler.com
Carroll T. Wright, Bar No. 0399169
ctwright@littler.com

LITTLER MENDELSON P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone:  612.630.1000
Facsimile:   612.630.9626

Attorneys for Defendant
Master Builders Solutions Construction
Systems US, LLC

## <u>ACKNOWLEDGMENT</u>

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the party against whom the allegations in this pleading are asserted pursuant to Minn. Stat. § 549.211.


*/s/ Kurt J. Erickson*
Kurt J. Erickson, Bar No. 158380

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF RAMSEY                                      SECOND DISTRICT

---

Judith Franco,                           Court File No.  _____

          Plaintiff,          **CERTIFICATE OF SERVICE**

    v.

Master Builders Solutions Construction
Systems US, LLC,

          Defendant.

---

      I hereby certify that on this 14th day of July, 2021, I caused to be served by United States

Mail a true and correct copy of Defendant Master Builders Solutions Construction Systems US,

LLC's Answer and Affirmative and Additional Defenses to Plaintiff Judith Franco's Complaint

on:

      A.L. Brown
      Marcus Almon
      Capitol City Law Group, LLC
      287 East Sixth Street, Suite 20
      St. Paul, MN  55101

                          *s/ Carroll T. Wright*
                          Carroll T. Wright