| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND DISTRICT |

| | |
|---|---|
| Judith Franco, | Court File No. _____ |
| Plaintiff, | **ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES** |
| v. | |
| Master Builders Solutions Construction Systems US, LLC, | |
| Defendant. | |

Defendant Master Builders Solutions Construction Systems US, LLC ("Defendant") as and for its Answer and Affirmative and Additional Defenses to the Complaint of Plaintiff Judith Franco ("Plaintiff") served June 23, 2021 ("Complaint"), states and alleges as follows:

## JURISDICTION AND VENUE

1. Denies Paragraph 1 of the Complaint,[1] in that Defendant intends to remove this civil action to the United States District Court for the District of Minnesota.

## PARTIES

2. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3. Defendant admits solely that it is a Delaware Limited Liability Corporation with its principal place of business at 889 Valley Park Drive, Shakopee, Minnesota 55117

---

[1] Unless otherwise stated, hereafter references to "Paragraphs" are references to Paragraphs in the Complaint.

and a registered agent at 1010 Dale Street North, Saint Paul, Minnesota, 55117. Defendant denies the remaining allegations in Paragraph 3.

4. Admits Paragraph 4.

## GENERAL ALLEGATIONS

5. Admits Paragraph 5.

6. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and hence denies the same

7. Defendant admits solely that the entity Master Builders Solutions US, LLC (currently known as Master Builders Solutions Admixtures US, LLC) was formed in Delaware on or about July 9, 2019 to operate the BASF construction systems business, and that BASF divested the entity effective September 30, 2020. Defendant denies the remaining allegations in Paragraph 7.

8. Admits Paragraph 8, as to Master Builders Solutions US, LLC. Affirmatively alleges that Plaintiff was, at all times, an employee at-will, including at the time her employment was ended.

9. Denies Paragraph 9.

10. Admits Paragraph 10.

11. Defendant admits solely that the entity Master Builders Solutions Construction Systems US, LLC was formed to operate the construction systems business of Master Builders Solutions US, LLC (currently known as Master Builders Solutions Admixtures US, LLC), which business was transferred to Master Builders Solutions

Construction Systems US, LLC, a separate entity. Defendant denies the remaining allegations in Paragraph 11.

12. Defendant admits solely that Plaintiff's employment was transferred to Master Builders Solutions Construction Systems US, LLC. Defendant denies the remaining allegations in Paragraph 12.

13. Denies Paragraph 13.

14. Denies Paragraph 14.

15. Admits Paragraph 15.

16. Denies Paragraph 16.

17. Admits Paragraph 17.

18. Denies Paragraph 18.

19. Admits Paragraph 19.

20. Defendant admits in Paragraph 20 solely that Plaintiff expressed a belief she was being treated differently in regards to training than others, but denies that the allegation is true.

21. Admits in Paragraph 21 that Plaintiff alleged that she received less training than others, but denies that the allegation is true.

22. Admits Paragraph 22.

23. Defendant admits solely that Plaintiff complained to Human Resources Manager Liza Farm about her training. Defendant denies that Plaintiff did not receive training and denies the remaining allegations in Paragraph 23.

24. Denies Paragraph 24.

25. Defendant admits solely that Plaintiff expressed to Ms. Farm that she wanted the same quality of training on the export process as was afforded to others regarding their work and denies the remaining allegations in Paragraph 25.

26. Admits Paragraph 26.

27. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and hence denies the same

28. Defendant admits solely that Plaintiff's position was eliminated effective April 30, 2021. Defendant denies the remaining allegations in Paragraph 28.

29. Admits Paragraph 29. Defendant affirmatively states Plaintiff had poor performance.

30. Admits Paragraph 30.

31. Admits Paragraph 31. Defendant affirmatively states Plaintiff violated company policy or procedure.

32. Denies Paragraph 32.

33. Admits Paragraph 33.

34. Admits Paragraph 34.

35. Denies Paragraph 35.

36. Admits Paragraph 36.

37. Denies Paragraph 37.

## CAUSES OF ACTION

### COUNT I

### REPRISAL FOR ENGAGING IN PROTECTED ACTIVITY
### (VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT)

38. Defendant restates its responses to the allegations contained in Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and hence denies the same.

40. Denies Paragraph 40.

### COUNT II

### BREACH OF CONTRACT

41. Defendant restates its responses to the allegations contained in Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and hence denies the same.

43. Defendant is without information sufficient to form a belief as the truth of the allegations in Paragraph 43, and hence denies the same.

44. Admits Paragraph 44.

45. Admits Paragraph 45.

46. Denies Paragraph 46.

47. Denies Paragraph 47.

## COUNT III

## PROMISSORY ESTOPPEL

48. Defendant restates its responses to the allegations contained in Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and hence denies the same.

50. Defendant is without information sufficient to form a belief as the truth of the allegations in Paragraph 50, and hence denies the same.

51. Denies Paragraph 51.

52. Denies Paragraph 52.

## JURY DEMAND

53. Denies Plaintiff's Demand for Jury Trial.

## REQUEST FOR RELIEF

54. Denies Plaintiff's Request for Relief and all of its subparts 1-5.

## CATCHALL DENIAL

55. Unless otherwise and expressly admitted or otherwise qualified in this Answer, Defendant denies each and every allegation in the Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

56. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

57. Insofar as Plaintiff seeks to recover relief (a) for alleged incidents occurring prior to the applicable limitations period for the filing of an administrative charge of

discrimination and (b) for alleged incidents of discrimination not listed in any charge, Plaintiff may not recover any relief for such incidents of alleged discrimination.

58. Plaintiff's claims are barred, in whole or in part, by her failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action.

59. To the extent Plaintiff has failed to exhaust her administrative remedies, her claims for relief are barred.

60. There is no jurisdiction to hear Plaintiff's claim under the MHRA because Plaintiff has failed to engage in the prerequisites necessary to obtain jurisdiction.

61. To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations under Minnesota Statute § 363A.28, her respective claims for relief are wholly or partially time-barred.

62. The employment decisions about which Plaintiff complains were based on reasonable factors, non-discriminatory, non-retaliatory bases and not with discriminatory or retaliatory animus or with any intent to interfere with Plaintiff's legal rights.

63. Defendant, at all times relevant to this action, has acted in good faith toward Plaintiff and acted in compliance with all applicable laws.

64. Any action taken by Defendant was reasonably necessary for the normal operation of its business and was based on legitimate business reasons and not discriminatory or retaliatory animus.

65. Plaintiff's claims for relief are barred because Defendant exercised reasonable care in promulgating an unlawful discrimination and anti-harassment policy and complaint procedure, took measures to correct or prevent any alleged unlawful

discrimination, harassment, and/or retaliation, and Plaintiff failed to reasonably take advantage of the corrective or preventative opportunities provided by Defendant or to otherwise avoid harm.

66. Plaintiff is barred from recovering a remedy to the extent that Plaintiff engaged in misconduct, violation of company policies, or other conduct that would have resulted in her termination by, or would have precluded her from obtaining employment with Defendant had Defendant discovered such conduct.

67. Plaintiff's claims fail because any alleged action or failure to act on the part of Defendant was not the proximate cause of any injuries to Plaintiff.

68. Plaintiff's claims are barred in whole or in part because Plaintiff failed, or refused and/or neglected, to mitigate or avoid any damages or injuries she claims to have suffered.

69. Plaintiff's Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, liquidated, punitive, or other damages against Defendant.

70. Plaintiff's claims for compensatory and punitive damages are limited by the applicable limitations on such damages.

71. Plaintiff's Complaint and each cause of action thereof fail to state valid claims for attorneys' fees.

72. To the extent that Plaintiff has suffered any damages, such damage was caused by and is the responsibility of persons, parties, or entities other than Defendant.

73. Defendant's personnel actions were not taken because of an intent to discriminate or retaliate based upon protected conduct or any other protected category.

74. Plaintiff's claims fail because Defendant exercised reasonable care to prevent and promptly correct any discriminatory behavior alleged by Plaintiff, and/or Plaintiff failed to make a good faith report that Defendant engaged in a violation or suspected violation of any federal or state law, or rule adopted pursuant to law.

75. Plaintiff's Breach of Contract and Promissory Estoppel Claims (Counts II and III, respectively) are barred by payment, and accord and satisfaction.

76. To the extent any alleged intentional retaliatory or discriminatory conduct was committed by Defendant's agents (which Defendant denies), said conduct was outside the scope of the agent's authority and contrary to Defendant's good faith efforts to comply with applicable law.

77. Defendant alleges, on information and belief, that any recovery by Plaintiff, or alternatively, portions of any recovery, are barred by the doctrine of after-acquired evidence.

78. Plaintiff's claims of discrimination fail to establish the necessary element for a legal claim upon which relief may be granted and, accordingly, should be dismissed.

79. Pending the conclusion of further discovery and investigation, Defendant respectfully reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, Defendant respectfully requests the Court grant the following relief:

1. Judgment be entered dismissing Plaintiff's Complaint on the merits and with prejudice;

2. Awarding Defendant its attorneys' fees, costs, and disbursements, as appropriate; and

3. Directing such other relief as the Court deems just and equitable.

Dated: July 14, 2021

Respectfully submitted,

*/s/ Kurt J. Erickson*
Kurt J. Erickson, Bar No. 158380
kerickson@littler.com
Carroll T. Wright, Bar No. 0399169
ctwright@littler.com

LITTLER MENDELSON P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone:  612.630.1000
Facsimile:   612.630.9626

Attorneys for Defendant
Master Builders Solutions Construction Systems US, LLC

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the party against whom the allegations in this pleading are asserted pursuant to Minn. Stat. § 549.211.

*/s/ Kurt J. Erickson*
Kurt J. Erickson, Bar No. 158380